Morton *v.* Southgate.

---

### DAVID MORTON *versus* HORATIO SOUTHGATE.

As a court of equity, this Court has power to compel the execution of a trust, whenever equity may require it. But in the case of testamentary trusts, the action of the Court, by the statute, (c. 111, § 12) is to be " subject to any provisions contained in the will ;" and it is forbidden to " restrain the exercise of any powers, given by the terms of the will."

Where, by the will, a discretion and option is given, to be exercised according to the judgment of the trustee, and such is the plain intention of the testator, it is very doubtful whether the Court can substitute its own judgment for that of the trustee. But if the Court has power to interfere, the proof, to overrule the discretion of the trustee, should be of the fullest and clearest character.

BILL IN EQUITY. The case was heard on bill, answer and proof.

It appeared, that Reuben Morton, father of the complainant,

by a codicil to his last will and testament, made a provision for him, wherein it said: — " I give, bequeath and devise to my friend, Albert Newhall, Esq. in trust, and in case of his declining, I give, bequeath and devise to such trustee, as may be hereafter appointed by any Judge of Probate for said county, in trust, with power to said Newhall, or any trustee to be appointed," certain estate. The testator directed the manner in which the estate should be managed, and what benefit the said David should receive from it. Then followed this clause : —

" And, whenever said trustee shall become perfectly satisfied, that it will be for the best interest and advantage and happiness of said David, to be put into the uncontroled possession of the share herein given, bequeathed and devised in trust for the use of the said David, then said trustee, in that case, is hereby authorized and directed, to convey and transfer the same to the said David, to hold to him and his heirs and assigns."

Mr. Newhall relinquished the trust, and Mr. Southgate, the defendant, was appointed by the Judge of Probate to be trustee. The bill alleges, that the capacity, character and condition of said David have so changed since the decease of his father, that no reason now exists, why the conveyance and transfer of the property, should not be made to him by the trustee ; and that the trustee, though requested so to do, unreasonably refuses to make the conveyance and transfer ; and prays the Court to decree, that the trustee should make the conveyance and transfer of the estate, to the complainant.

The trustee, in his answer, describes the property, states the income from it, avers that he is ready and willing to make the conveyance and transfer, if the Court shall so order, and says, that " considering the circumstances of his present situation and family, and his former habits and mental organization, the respondent entertains the most serious apprehensions, that placing so large an amount of property, as constituted the trust fund, at said David's absolute disposal and control, might lead to the great injury, if not destruction of said David and his family, instead of its being for the best interest, advantage and happiness of the said David." He therefore declines to make the conveyance and transfer, until the Court shall so direct.

The testimony introduced, will be sufficiently understood from the opinion of the Court.

The case was argued mainly on the facts in evidence, relating to the former and present capacity, habits and state of mind of the complainant, by

*Deblois* and *O. G. Fessenden,* for the complainant — and by *Preble & Son* for the defendant.

As matter of law, the counsel for the complainant contended, that the power granted to the respondent, under the will, is not a mere trust, but a power which the trustee is bound to execute; and, if the trustee does not discharge the duty imposed, a court of equity will compel him to do it, or do it for him. 8 Vesey, 380, 573; 4 Kent, 311; Madd. Ch. Pr. 558, 562, 564 and 569.

Trusts of this kind are exclusively under the direction of a court of equity. 2 Story's Eq. § 1058, 1060, 1061 and 1062; Fonbl. Eq. 198; 2 Vern. 513.

For the trustee, it was said, that it would not be denied, that the Court had supervisory power, to protect the complainant against oppression by the trustee. But not the slightest pretence of this is found in the case.

Whether the property shall be delivered over to the uncontroled disposition and management of the complainant, or not, is made to depend, by the terms of the will, solely upon the good judgment and sound discretion of the trustee, and not upon the opinion of such men, as the complainant chooses to rely upon as witnesses, or even upon the opinion of the Court.

The opinion of the Court was drawn up by

WELLS J. — The defendant was appointed trustee, by the judge of probate, acting in conformity to the will of Reuben Morton.

The plaintiff prays the Court, to direct the trustee, to convey the property, held in trust, to him, the *cestui que trust.*

There is no doubt, that a court of equity has power, to compel the execution of a trust, whenever equity may require it;

and whenever a trustee neglects to act, in obedience to the requirements of the trust, the Court may discharge him, and appoint another. And this Court as a court of equity, may hear and determine all cases of trust. Rev. Stat. chap. 96, § 10. But in cases of testamentary trusts, the action of the Court is to be " subject to any provisions contained in the will," and it is forbidden to " restrain the exercise of any powers, given by the terms of the will." Rev. Stat. chap. 111, § 12.

Where, by the will, a discretion and option is given, to be exercised according to the judgment of the trustee, and such is the plain intention of the testator, it is very doubtful, whether the Court can substitute its own judgment, for that of the trustee. It is not within the power of the Court, to say, that the will of the testator is unwise, and make a new one. The bounty of the testator is to be enjoyed in the manner, which he has prescribed.

The trustee, in the present case, is authorized and directed to convey the property to the plaintiff, whenever he " shall become *perfectly satisfied*, that it will be for the best interest and advantage and happiness of said David," &c.

The trustee is not directed to act, in conformity to the judgment of others, however sound and enlightened, but according to his own. If his own comes in conflict with that of others, he is not bound to yield it up, upon the happening of such a diversity.

Although the devise, in the present case, is clearly a trust, with power to determine when the trust shall cease, and does not involve the inquiry, as to the difference between a power and a trust, yet some light may be obtained by the aid of decisions, on that subject. In Story's Eq. Juris. § 1070, it is said, whenever a clear discretion and choice to act, or not to act, is given, courts of equity will not create a trust, from words of recommendation. In the nature of things there is a wide distinction between a power and trust. In the former, the party may, or may not, act in his discretion. In the latter, the trust will be executed, notwithstanding his omission to act.

The defendant holds the property for the benefit of the plaintiff, but it is left to his discretion, as to the time, when the trust shall be terminated, by a transfer of the property. The defendant has the power to determine, when that event shall take place, a power expressly given, not overshadowed by a single doubt. The testator contemplated a time, when the property should be transferred, but the proper time involves a matter of judgment, confided solely to the trustee. But if the Court possessed the power, to direct a transfer, the exercise of it could only be justified, where the transfer was delayed, for reasons clearly unsubstantial and unjustifiable. The proof, to overrule the discretion, should be of the fullest and clearest character. No doubt the deponents, who have testified to the ability of the plaintiff, to manage his property, have given their testimony honestly, but they do not appear to have had the fullest means of testing his ability and capacity, to take care of property, to any great extent. Taking the whole testimony together, it is not so convincing, as to induce the Court, even if it had authority to act, to direct the trustee, to convey the property to the plaintiff.