# Richmond.

## FONTAINE'S ADM'R v. THOMPSON'S ADM'R.

### FEBRUARY 12th, 1885.

1. WILLS—*Devise—Valid as to class—Void as to individuals.*—"Item. I give to my brother W. all the residue of my estate, to be held by him in trust, and to be distributed among my next of kin *who may be needy*, in such proportions and at such times as in his opinion may be best; and I do authorize him to so dispose of my estate either in kind, or to sell and convert into money." W. was named as executor in the will, but died before qualifying. The administrator *d. b. n. c. t. a.* brought suit to construe the will.

HELD:

1. The devise is valid as to the class, "*the next of kin,*" but invalid for uncertainty as to the individuals to be selected "*the most needy.*"
2. The residue of the estate must be divided among the next of kin according to the statute of descents and distribution.
3. W. is entitled to share in that residue as one of "*the next of kin.*"

Appeal from decree of the circuit court of Pittsylvania county, entered December 22nd, 1882, in two suits therein heard together, of Thompson's adm'r against Fontaine's adm'r, and Terry against Thompson's adm'r—the first being brought to construe the will of Tabitha M. Thompson, deceased, and the last to subject the interest of her brother, William Fontaine, in her estate, to the claims of his creditors.

Opinion states the case.

*Carrington & Fitzhugh* for the appellants.

*J. D. Coles, Green & Miller*, and *L. Scruggs* for the appellees.

LACY, J., delivered the opinion of the court.

On the 23rd of February, 1882, Thompson's administrator instituted a chancery suit in the said court, alleging that his testatrix, Tabitha M. Thompson, had departed this life, leaving the following will:

"First. I desire my debts to be paid out of such part of my estate as my executor shall think best. Second. I give to my brother, William Fontaine, all the residue of my estate, real and personal, to be held by him in trust, and to be distributed among my next of kin *who may be needy*, in such proportions and at such times as in his opinion may be best; and I do authorize him to so dispose of my estate either in kind, or to sell and convert into money. I hereby appoint my brother, William Fontaine, my executor, vesting him with full discretion in the control and disposition of my estate as above directed, and for his trouble he is to be allowed such compensation as he may think reasonable over the usual commission; and I request that he may be allowed to qualify and act without being required to give security."

That the said executor named in the will died without qualifying, and the estate of the said Tabitha M. Thompson had been committed to the said complainant as sheriff, to be administered with the said will annexed, and submitted to the court the true construction of the said will for his guidance and instruction; that he had no interest in the result of the said construction, but the same was only asked that he might act advisedly as such administrator.

That the testatrix died without issue, leaving as her heirs at law the said William Fontaine, named executor in the will, her brother; the children and grandchildren of her brother, Thomas B. Fontaine; the grandchildren of Robert Fontaine, a brother of the testatrix; the children and grand-

children of Elizabeth Beavers, deceased, a sister of the testatrix; who were made parties to the suit by themselves or their legal representatives. The adult defendants answered claiming that the provisions of the will were void for uncertainty as to the designated class of the most needy, &c., and that the estate passed as provided by the statute of descents to be distributed among the next kin. The infant defendants answered formally by guardian *ad litem*.

On the 23rd of February, 1882, one Harvey Terry filed his bill against Thompson's administrator and the defendants named in the suit of Thompson against Fontaine, claiming to be a judgment creditor of William Fontaine, and claiming that the will was valid, and that the whole estate passed to William Fontaine thereunder; but that if the will was invalid, and so held by the court, then the said William Fontaine was as next of kin entitled to receive one-fourth of the said estate; and praying that the said interest might be subjected to the payment of his debt. To this bill Thompson's administrator and some of the defendants in the first suit demurred.

On the 22nd of December following the causes came on to be heard together, upon the pleadings stated and the exhibits filed, when the court held that the true construction of the will of Tabitha M. Thompson was to make William Fontaine, the executor named therein, a trustee of the real and personal property in the will devised for the heirs and distributees, according to the Virginia statute of descents and distribution, of the said Tabitha M. Thompson, deceased, excluding therefrom the said William Fontaine, nominated as executor and trustee in the said will—ordered a sale of the property for distribution according to the said decree, and overruled the demurrers to the second bill, but dismissed the same upon the ground that William Fontaine had no interest in the estate of Tabitha M. Thompson, except the right to qualify and receive compensation for his services, and this he had not done, but had died without so doing.

From this decree the administrator of William Fontaine, and the said Harvey Terry, applied for and obtained an appeal to this court.

In this case the testatrix devised her estate in trust to be distributed among her next of kin who may be needy, in such proportions and at such times as in the opinion of the trustee might be best. The trustee did not qualify, and died; the trust, however, will not be allowed to fail for want of a trustee, and as to the beneficiaries who are to take under the will, the intention of the testatrix will be effectuated, if it can be done consistently with the rules of law. There is certainly no reason why the devise should be held to be void on the ground of the uncertainty of the class which is to take. The distribution is to be among her next of kin; that much is distinct and clear enough; the persons to be benefitted are the *most needy* in that class (designated as her next of kin), according to the opinion of the trustee.

If the persons to be selected out of this class cannot be determined for any cause, then the selected persons will not take, because they are unknown; but the class being clearly and distinctly designated, out of which the selection was to be made, there is no reason why the devise should be declared void as to the class, although it might be void as to the person to be selected out of the class, because of uncertainty. The courts have passed upon these words, "the most needy," or their equivalent, in cases which we have examined, and they do not seem to have taken the same view of the question in every case. In *Frazier* v. *Frazier*, 2 Leigh 642, this court held the words "to be distributed by the brother among the next of kin, according to their deserts, as he should see at a future time what may turn up," to pass no estate, and the testator to be regarded intestate as to this subject. This case was decided in 1831. In 1830, the supreme court of errors of Connecticut, in the case of *Bull* v. *Bull*, 8 Conn. 47, took what seems to be an opposite view, holding that " it can be ascertained who are the most

needy of the brothers and sisters and their children," so stating a similar devise in that case as in this.

We have been referred to *Hill* v. *Bowman and wife*, in 7 Leigh 650, as a decision of this court overruling the decision in *Frazier* v. *Frazier*, *supra*, but, as opposing counsel argued in this court, *Frazier* v. *Frazier* is not mentioned, nor referred to, directly or otherwise, in the latter case, which was decided in the same court five years after the first case; and, as the two cases show, the same counsel represented the appellant and assigned the errors in both cases, and they are reported by the same reporter.

But an inspection of the case shows that the court sustained the trust in that case for the benefit of the testator's family and other persons who may be in distress, and whom they may think he would have assisted, confiding the execution of the trust entirely to the trustees, upon the ground that "*members of my family*" were considered words of sufficient certainty; the opinion of the court saying: "No authority in point has been produced to show that a declaration of trust, in favor of certain definite objects of the testator's bounty, is avoided because in the same clause there is a limitation to persons incapable of taking, or because there is a limitation to persons not certain and ascertained."

Holding that the devise to testator's family, or for their benefit, was good and valid, although other persons, not ascertained or determined, were referred to; and it will be remembered that in the case of *Frazier* v. *Frazier* this was the substantial result; there the devise was for the benefit of the testator's next of kin, to be selected by a rule held to be too uncertain and void, but the devise was in effect sustained as to the class ascertained and certain, to-wit, the next of kin.

Up to this point we think the decision of the circuit court is correct. But having sustained the trust, and held it to be valid as to the next of kin, and void for uncertainty as to the selected persons, "the most needy," the court goes on to ex-

clude some of the next of kin as not within the benefit of the provision; that the brother, William, who was named as the trustee and executor, could take nothing, and was to be excluded.

We do not think this is so clear. The ground for the exclusion is that he was named trustee; but we find no express words which exclude him from the express designation in the will of, "my next of kin," wherein it is admitted he is included—the estate is devised for the benefit of her next of kin; he is of her next of kin, and the nearest relation she has living at the time of her death, and, as the will shows, the most trusted. We think he ought not to be excluded, unless by the force of plain words, which are not to be found in the provision directing him to make distribution, &c., or appointing him trustee. Under some circumstances it might be made a ground for a change in the person of the trustee, but the party once coming within the designated class, without plain and express words to exclude him, should not be excluded—as has been held in a case where the devise was to a brother to be divided among *one* brothers and sisters. The court held that he was excluded by the word *one*. He could not be his own brother. But in another case, the testator having provided that his son William should take his plantation at $65 per acre, pay his debts, pay $1,000 to the widow, "then the balance to be equally divided amongst my children," and then designated the children by name, as to when they should receive their respective shares, but not ascertaining the amounts. The court held that William, the devisee of the land, was entitled to a share of the proceeds in common with the other children, and that the direction to him to pay was not inconsistent with the idea of retention by him of a portion of the fund. *Heunershotz's estate*, 4 Harris 435; see also *Gorder* v. *Mainwairing*, 2 Vesey 87, opinion of Lord Hardwicke; Perry on Trusts (3rd. ed.), Vol. 1, section 255; Hill on Trustees, page 492.

But it is unnecessary to multiply cases. Every case in the

construction of a will must depend in a great degree, of course, upon the terms of the instrument under consideration. In this case, if we are unable to follow the court in *Bull* v. *Bull*, and ascertain the most needy, we find no difficulty in discovering the class named, the next of kin of testatrix; and we see nothing in the will to exclude the brother from the next of kin. We think he is entitled to share with the others, and the decree of the circuit court must be reversed and annulled, in so far as it held the brother excluded.

The decision of this question decides in effect all other questions raised, and it is not necessary to further refer to them.

The decree was as follows:

This day came again the parties, by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the argument of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court of Pittsylvania did not err in its decree of December 22nd, 1882, appealed from here, in so far as it decided that the true construction of the will of Tabitha M. Thompson, deceased, was to make and constitute William Fontaine, named therein, a trustee of the real and personal property, in the will devised, for the heirs and the distributees of the said Tabitha M. Thompson, deceased.

But in so far as the said decree held that William Fontaine was excluded from the benefits derived under the said will, the court is of opinion that the said decree is erroneous.

And the court is further of opinion that said decree of the circuit court is erroneous in dismissing the bill filed by the appellant, Harvey Terry, and that said bill should have been entertained as a creditors' bill, and the demurrers thereto overruled.

It is, therefore, decreed and ordered that the said decree of 22nd December, 1882, be reversed and annulled, so far as it

held the said William Fontaine to be excluded from the benefits of the said will, and so far as it dismissed the bill of the appellant, Harvey Terry. And these causes are remanded to the said circuit court of Pittsylvania with instructions to proceed therein in accordance with the foregoing opinion of this court and the views herein.

And it is further decreed and ordered that the appellee, Thompson's administrator, out of the assets of his testatrix, in his hands to be administered, do pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here; which is ordered to be certified to the said circuit court of Pittsylvania.

DECREE AFFIRMED IN PART AND REVERSED IN PART.