JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M. LEWIS, JOHN H. BACKES AND JOHN GRIFFIN, VICE-CHANCELLORS.

GEORGE HICKS et al.

*v.*

WALTER HICKS et al.

[Decided May 25th, 1915.]

A testator in his will directed that his minor children should each have his share of his real and personal property upon reaching the age of twenty-one years; provided the guardian appointed by the will (who was vested with the powers of a trustee) in his judgment considered that

515

the minor was competent to properly care for the same, and that if the
guardian did not consider the minor capable of properly caring for
such share, then he was directed to pay to such incompetent minor the
rents and interest derived from his portion of the property and hold the
rest in trust until in his judgment such minor was competent to receive
and properly care for the same. The guardian refused to act and the
orphans court appointed a substituted trustee in his place.—*Held*, that
the power devolved upon the guardian-trustee was not a naked power,
but was coupled with a trust and passed to the substituted trustee and
must be exercised by him.

On objections to master's report.

*Messrs. Berry & Riggins,* for the complainants.

WALKER, CHANCELLOR.

This matter is before me on oral objections by the complain-
ants, under rule 166, to a master's report concerning the rights
of parties in a suit for the partition of lands. The complainants
and defendants hold under the last will and testament of Samuel
J. Hicks, deceased, by the second paragraph of which the testa-
tor gave to his wife, now deceased, the income of his estate as
long as she remained his widow. The fourth paragraph reads:

"*Fourth.* At the marriage or death of my said wife, Adelia Hicks, it
is my desire and it is the condition of this my last will and testament
that all of my real and personal property of every description shall be
equally distributed and divided among my heirs, as follows: my son,
George Hicks, and his son, Howard Hicks, my grandsons, Walter Hicks
and Daniel Hicks; my granddaughter Sadie Hicks; and my adopted
son, Samuel James Schaffer; to have to hold the same to their heirs
and assigns forever. Should either of the above-named heirs die before
reaching the age of 21 years it is my will and it is hereby directed that
all of my real estate and personal property above mentioned shall be
equally distributed to and divided among the said remaining heirs above
mentioned in this my last will and testament."

By the fifth paragraph he let in after-born children of his son
George Hicks to share equally with those mentioned in the fourth
paragraph. The seventh paragraph is as follows:

"*Seventh.* It is further understood, desired and hereby directed that
at the marriage or death of my said wife, Adelia Hicks, that my son,
George Hicks, shall receive his share or portion of my said real estate

and personal property hereinbefore mentioned as soon as the Executor of this will can arrange the business matters necessary for such settlement. All minor children shall each have his or her share or portion of the aforesaid real estate and personal property upon reaching the age of 21 years, provided, the guardian, in his judgment, considers that such minor is competent to properly care for the same. If the guardian does not consider that the said minor or minors are capable of properly caring for such share in the division of my real estate and personal property then the said guardian is hereby directed to pay to such incompetent minor or minors the rents and interests derived from his or her portion of my real estate and personal property, and hold in trust such real estate and personal property until in his judgment such minor or minors are competent to receive and properly care for the same."

By the sixth paragraph he appointed A. J. Rider executor and one Morris Craft "guardian for all minor heirs."

Before the death of the testator there was born to George Hicks a daughter, Elise E., now seven years of age. Morris Craft, the "guardian of all minors," refused to act; whereupon the orphans court of Ocean county appointed A. J. Rider substituted trustee under the will.

All of the defendant devisees were under age at the time of the death of the testator, but, with the exception of Elise E., had attained their majority before the filing of the bill.

The master found that the complainant was seized of an undivided seventh part of the premises, and that the remaining six devisees—the five mentioned in the fourth paragraph and the after-born child of George—were each seized of an undivided seventh part, "subject to the rights thereunder, if any, of the defendant Anson J. Rider, substituted trustee under the last will and testament of Samuel J. Hicks, deceased;" and that the share of the infant, Elise E., was subject to being divested if she died before arriving at the age of one and twenty. He also reported upon the rights of the spouses of the respective devisees.

The criticism made of the master's report is that it fails to define the interest of Anson J. Rider, the substituted trustee, in the shares of the defendant devisees, which I am now called upon to do.

By the fourth paragraph of the will the complainant and defendant devisees each acquired a vested estate in remainder of an undivided seventh part, subject to being divested upon the occur-

rence of the event therein mentioned. *Trenton Trust and Safe Deposit Co.* v. *Moore, 83 N. J. Eq. 584; affirmed, S. C., ante p. 194.* But, by the provisions of the seventh paragraph, this estate was modified as to those of the devisees who were minors at the time of the death of the testator, and thereunder they took a vested equitable remainder, the legal title being thereby, at least by implication, vested in the trustee, called the "guardian," and they were to enjoy their equitable rights upon reaching the age of twenty-one, provided that in the exercise of an honest judgment the trustee regarded them as fit and competent to care for the same.

The scheme of the testator is not obscure. His intention was to divide his estate equally *per capita* between his offspring and an adopted son. His son George, the complainant, who was of age, was to have his share immediately upon the death of his mother. The remaining devisees, his grandchildren and adopted son, were to have their shares upon arriving at majority, if, in the judgment of the guardian or trustee, he or she was competent, and in the meantime the trustee was to administer the same, if the trustee, at the time designated, regarded any one or all not capable of properly managing their shares, then, by the express language of the will, the estate was to pass to the trustee, and the income thereof paid to the devisees until, in his judgment, the devisees meet the test provided by the will.

This construction of the testament harmonizes substantially with the views expressed by counsel in their brief, but the point they make is, that the discretion to withhold from any adult devisee his or her share on grounds of incompetence, is a purely personal discretion vested by the testator in Morris Craft, and exercisable by him alone, and with the refusal of Morris Craft to accept the trust such discretion perished and cannot be exercised by his successor in the trust, the defendant Anson J. Rider. In my opinion, the power conferred upon the guardian, or trustee, Morris Craft, was not one of mere personal confidence. Uppermost in the testator's mind, as expressed by his will, was the competence of his offspring to care for their inheritance, and of this he appointed Craft to be the judge. The power to sit in judgment is not a naked power. It was coupled with a trust

which this court will execute under equitable rules, if the donce of the power fails to discharge his duty. This may be done by the court itself, or by a trustee to be appointed. The power in this case passed to the substituted trustee and must be exercised by him. *Pedrick* v. *Pedrick, 48 N. J. Eq. 313; affirmed, S. C., 50 N. J. Eq. 479.* It seems to me that the exercise of the power ought to be compelled by the court in this suit.

Let the cause be re-referred to the master to ascertain and report the opinion of Mr. Rider as to the competence of the devisees. The discretion which the testator devolved upon the trustee is not a capricious one, but the exercise of a sound judgment which is reviewable in this court.

The shares of those whom the trustee regards as competent will be declared vested in them, and the shares of those whom he regards as incompetent will be declared to be in the trustee. The share of Elise E. will be declared to be in the trustee.

Upon distribution the trustee will give bond.