## WATLING v. WATLING et al.

Circuit Court of Appeals. Sixth Circuit.
July 18, 1928.

Nos. 4900, 4901.

1. **Trusts ⬤ 243—Whether discretionary power is personal to named trustee, or passes to substituted trustee, depends on creator's intent.**

Whether a discretionary power given to trustee is personal to trustee named, or passes to a substituted trustee on original trustee's death or resignation, depends on intention of creator of trust.

2. **Trusts ⬤ 243—Generally trustee's discretionary right to terminate trust by turning over estate to beneficiary passes to successor trustee.**

Generally, where there is a discretionary right given to trustee named to terminate the trust by turning over the entire estate to the beneficiary, the discretionary power passes to successor trustee.

3. **Trusts ⬤ 243—Testamentary trustee's discretionary power to terminate trust by transferring estate to beneficiary at any time held to pass to successor trustee.**

Discretionary power granted testamentary trustee to transfer estate to beneficiary at any time during her lifetime, and thus terminate trust, *held* to pass to successor trustee.

4. **Wills ⬤ 689—Will held to give trustees discretionary power to transfer trust property to beneficiary, not depending on finding she had become sane.**

Will empowering testamentary trustees named, should they in their discretion think it wise to do so, to transfer trust property, or any part thereof, to beneficiary, who was then insane, *held* to give trustees discretion of exercising the power on the exercise of their judgment or precedent discretion of finding it wise to do so, and duty to transfer would not result from mere finding that beneficiary was sane and capable of prudently managing her estate.

5. **Trusts ⬤ 177—Trustee must exercise honest discretion, and, if he fails to do so, equity court will exercise power itself.**

It is duty of trustee, given discretionary power to terminate trust by transferring trust estate to beneficiary, to exercise honest and well-intentioned discretion, and, if he fails to do so, court of equity will check it, and, if need be, exercise the power itself.

6. **Trusts ⬤ 177—Equity court ought not to overrule trustee's discretion, except on clearest proof trustee has not exercised good-faith discretion.**

Court of equity ought not to overrule trustee's discretion, except on clearest proof that trustee has not exercised good-faith discretion.

Denison, Circuit Judge, dissenting.

Appeals from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

27 F.(2d)—13

Suit by Lucile Watling against John W. Watling and others. From the decree (15 F. [2d] 719), both parties appeal. Affirmed.

Alfred Lucking, of Detroit, Mich. (Lucking, Hanlon, Lucking & Van Auken, of Detroit, Mich., on the brief), for Lucile Watling.

Thomas G. Long, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for John W. Watling and others.

Charles H. L'Hommedieu, of Detroit, Mich., for Union Trust Co.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. John A. Watling died testate in 1919, leaving a wife, Eunice W. Watling, a son, John W. Watling, and a daughter, Lucile Watling. After making some special devises and bequests, his will provided that the residue of his estate should be disposed of as follows: One-third to the son; one-third to John W. Watling and William F. McCorkle, in trust for the testator's wife, with power in the trustees to manage, care for, invest, and reinvest the same, and with directions to pay the income therefrom, after paying the costs incident to the care of the estate, to the beneficiary thereof, in quarterly payments, during her natural life. It further provided that the trust estate thus created should be divided, at the beneficiary's death, into two equal parts, one of which should go to the son, "if then living; if not, to his issue then surviving, if any; if there be none," to become a part of a trust estate created for the daughter, and that the other half should be added to the trust estate created for the daughter, if she were then living, and, if not, should go to the son. The remaining one-third was devised to John W. Watling and William F. McCorkle, in trust for the daughter, with the same powers of management and disposition of income as those pertaining to the wife's estate, and with the proviso that at the death of the daughter the trust estate so created should be divided into two equal parts, one of which should go to the son, if living; if not, to his issue then surviving, if any; and, if there be none, to become a part of the trust estate created for the wife, and the other half should be added to the trust estate created for the wife, if she be then living, and, if not, should go to the son.

The concluding paragraph of the will is: "Should my trustees hereinbefore named at any time think it advisable to do so, they

may terminate the trust hereinbefore created for the benefit of my wife, and pay over and assign to her the property, or any part thereof, held in trust by them for her benefit, to be hers absolutely and free from any claim upon the part of my said daughter or son, or the issue of my said daughter or son. And I also hereby empower my said trustees, should they in their discretion think it wise to do so, at any time to pay over and transfer to my said daughter the property or any part thereof held by them in trust for the benefit of my said daughter, and, in case they shall do so, she shall take the same for her own absolutely, free and clear of all claims on the part of my said son or my said wife, or the issue of my said son."

John W. Watling was appointed trustee under the will by the probate court of Wayne county, Michigan, but McCorkle formally declined to act as trustee. When the will was made in 1909, the daughter, Lucile, was confined in a government hospital for the insane as a mentally incompetent person. About a year after her father's death, she was released from the hospital and formally adjudged sane. Her mother died in 1922, and Lucile demanded of her brother, as trustee, about that time, that he turn over to her the estate devised to her in her father's will. This he refused to do, and in June of 1923 he resigned as trustee, and the probate court of Wayne county appointed in his place the Union Trust Company. This suit was brought by Lucile against the trust company to compel it to turn over to her her estate.

The trust company's defense to the suit was that whatever discretion was vested in the trustee under the will to pay over and transfer to the daughter the trust estate was personal to the original trustees and did not pass to it. John W. Watling and his infant children who were made parties defendant to the suit, defended it on that ground, and on the additional ground that the power given the trustees was a power to be exercised only to the extent that it was necessary to use the principal of the estate for the comfortable living of the beneficiary, or, if not so limited, it was a power to be exercised solely and exclusively at the will of the trustee, with which a court of equity could not interfere. The trial court held that the power passed to the successor trustee, and that the will created an active trust as to both capital and income for the benefit of the daughter; that there was annexed to the trust a power, granted to the trustee as donee thereof, and coupled with the trust, to transfer absolutely to the beneficiary all or any of the estate so held for her, at any time during her lifetime, when the trustee, in the exercise of an honest, well-intentioned, proper discretion, should think such transfer to be for her benefit and welfare and to her best interest; but further held that there was nothing in the record to show bad faith on the part of the trustee in failing to exercise the power, and until it appeared that there was bad faith or failure to exercise an honest discretion on the part of the trustee, after being judicially advised of its possession of the power, the court would not undertake to determine whether the property should or should not be turned over to the cestui que trust.

[1-3] Whether a discretionary power given a trustee is personal to the trustee named or passes to a substituted trustee upon the former's death or resignation depends necessarily upon the intention of the creator of the trust. Where there is a discretionary right to terminate the trust by turning over the entire estate to the beneficiary, it is generally held that the power passes to the successor trustee. Perry on Trusts and Trustees (6th Ed.) § 503. The trial court held that the power passed in this case upon the sustaining authority of Sells v. Delgado, 186 Mass. 25, 70 N. E. 1036, Greenwich Trust Co. v. Converse, 100 Conn. 15, 122 A. 916, Hicks v. Hicks, 84 N. J. Eq. 515, 94 A. 409, and other cases. We think the holding was right.

[4] When the will was made, appellant was ill and confined in a hospital for the insane. In this situation the testator might well have established a fund, and given to the trustees thereof the power to use the income therefrom, and the principal, if necessary, for the daughter's support during her life. With equal consideration for her future, he might have given the trustees the power, should the time come when they thought it wise to do so, to turn over the principal to her. She had been an unusually intelligent young woman, and the testator must have thought it possible, if not probable, that she would eventually recover; otherwise, he would have made no provision by which the trustees might turn over to her her estate. If he had intended, even though she recovered, merely to authorize the use, if necessary, of the corpus of the estate for her living, he could easily have expressed that purpose in unmistakable terms. As against the inferences to be drawn from his failure so to do, reference is made to the provision which he made for his wife, which is said to show identity of purpose with that respecting the daughter;

that is, a purpose to insure his daughter's comfort for life by the use, if necessary, of the corpus of her estate, but, if not necessary, by the use of the income therefrom only and the preservation of the corpus for the children of his son. To say that it was the testator's intention, as disclosed in the will, so to restrict the use of the power given his trustees, would be to say that, except in that necessity, there would be no power. This we cannot do. Besides, differences in the circumstances and the business qualifications of the wife and daughter, as shown by the proofs, do not, we think, admit of an inference that it was the intention of the testator to put the same limitations upon the use of the two estates. Moreover, we do not discover in the will any purpose to pass the property ultimately to the children of the son. The son took his share outright, and, if he survives his sister, will also take her share at her death, if in the meantime it is not turned over to her. To provide that his children . were to stand in his place, if he should not be living when the daughter died, was merely to say that they should take if the trustees had not exercised the power given them by the will. In this they were given a broad discretion, and we find nothing in the will respecting the son's children or otherwise that restricts the use of this discretion to the living expenses of the daughter.

Neither do we construe the will as granting a power which the trustees were required to exercise if and as soon as the plaintiff was adjudged to be sane or believed to be capable of looking after her estate, nor, similarly, as a power to be exercised solely at the will of the trustee and not subject to control by the courts.

The provision in question did not direct the trustees, should they believe appellant to have recovered and to be capable of looking after her property, to turn it over to her; it merely gave them the power to turn it over, should they in their discretion think it wise. They were given the discretion of exercising the power upon the exercise of their judgment or precedent discretion of finding it wise to do so. This is not, therefore, a case where the power is directed to be exercised upon the happening of some event, or upon the finding by the trustees of the existence of a condition, but is a power conferred with a discretion to exercise it upon the exercise of a precedent discretion. It is perhaps quite true, as appellant contends, that upon the exercise of the precedent discretion in favor of the beneficiary, it would be the duty of the trustee to exercise the power, just as if it were directed to do so, and there would be no further discretion, or rather that evidence showing the dishonest exercise of the precedent discretion would also show dishonest use of the power. Nevertheless there is a discretion in the trustee upon which the use of the power depends, and the duty to use it would not result, in our opinion, from a mere finding that appellant was sane and capable of prudently managing her estate. Other considerations, even in those circumstances, might be sufficiently potent to make the use unwise. The chances of a recurrence of her former illness, the state of her health, with the probable effect thereon of her taking over the management of her affairs, are matters that should also have consideration.

[5, 6] It is, of course, the duty of the trustee to exercise an honest and well-intentioned discretion. Read v. Patterson, 44 N. J. Eq. 211, 14 A. 490, 6 Am. St. Rep. 877; Thompson v. Denny, 78 Ind. App. 257, 135 N. E. 260; Perry on Trusts and Trustees, § 508. And, if it fails to do so, a court of equity will check it, and, if need be, will exercise the power itself. Keating v. Keating, 182 Iowa, 1056, 165 N. W. 74; Bull v. Bull, 8 Conn. 47, 20 Am. Dec. 86; Cochran v. Paris, 11 Grat. (Va.) 348. But a court ought not to overrule the trustee's discretion, except upon the clearest of proof; that is, proof that it has not exercised a good faith discretion. Morton v. Southgate, 28 Me. 41. Such proof does not appear in this case, since it does not appear, as stated by the trial court, that the trustee has considered whether it ought or ought not to pay over the money from any standpoint other than that of its power. It is to be presumed that, being assured of the existence of that power it will exercise an honest discretion. As to what that should lead to we express no opinion.

Decree affirmed.

KNAPPEN, Circuit Judge (concurring). I think the opinion of Judge MOORMAN correctly interprets decedent's will and I concur in it. I find no evidence of any intent on the part of the testator that plaintiff should be deprived of full ownership and control of the principal of the bequest to her on her restoration to health, unless in the good faith judgment of the trustee it is for some reason deemed unwise to terminate the trust.

DENISON, Circuit Judge (dissenting). I am not able to agree with the opinion of the court. I think the dominant purpose of the

testator to be drawn from the will was that the wife and daughter should have a life interest only while the fee was preserved for the only probable, if not the only possible, descendants in another generation. So far as the special power of the trustee went beyond providing for unexpected necessities which income would not meet, I think the testator had in mind, not the reasonably probable things for which he could easily provide in terms, but those unforeseeable developments which might go beyond anything expected and could be covered only by general words. It is not infrequent for one who has only the income of an estate, greatly to desire ownership of a home, or means of providing reasonably for a dependent, or other things which these may illustrate, and under such circumstances that the gratification of the desire becomes important enough so that the testator, if living, would have complied, or if he had thought of it specifically would have provided for it in his will. I do not think we can carry the trustee's discretion further than this without departing from the testator's controlling wish.