GEORGE WHITELOCK, Trustee, et al.,

*vs.*

## DANIEL B. DORSEY.    (1913)

*Trustees: discretion; jurisdiction and authority of Court of Equity; right of trustee to purchase at own sale.*

Ordinarily, where a trustee is vested with discretionary power he will not be disturbed in the exercise of it; but if the circumstances show that it is for the benefit of the estate not to permit him to exercise such discretion arbitrarily, the Court will deny him the right.                                      p. 503

In general, trustees may not directly or indirectly purchase the trust property; however fair the sale, the courts will set it aside at the mere suggestion of the *cestui que trust.*      p. 502

It is a rule of universal application to all persons coming within the principle, that no party can be permitted to purchase an interest when he has a duty to perform inconsistent with the character of purchaser.                           p. 502

But in Maryland many exceptions to the rule have long been recognized, where equity treats such sales as voidable only, according to circumstances and as the interest of the *cestui que trust* may require, and are sometimes not allowed to be disturbed.                                         p. 502

One of two trustees, with his wife, who was the daughter of the testatrix, had long occupied as their home a cottage which the testatrix had remodeled and improved for her daughter, and to which the testatrix wished to give her a permanent right, as she had done in providing homes for other children; the daughter had refused, thinking the whole tract of which the cottage and grounds formed a part would sell better if finally sold as one tract; upon the death of the testatrix, the daughter and her husband, by an agreement with the co-trustee, continued to occupy the house at an annual rent which was its full value, in view of the fact that there was an agreement that they should vacate at any time should the property be sold; it was further agreed that unless sixty days' notice to vacate should be given, they might occupy the cottage for another term. The trustees by the terms of the will had full power "in their discretion," from time to time, to sell, dispose of, assign and convey absolutely or otherwise the whole or any portion or portions of the property or securities" * * * and to invest and hold the proceeds subject to the same trusts the property sold had been held under. The will also directed that the trusts should be administered under the supervision of a court of equity. The cottage had been so occupied for several years after the death of the testatrix, when the appellant W., without any consultation, or reasons given, gave due notice to the other trustee that he and his family must vacate the property at the end of the year; the trustee D. filed a petition reciting the above facts, and prayed the Court to adjust the differences between himself and the co-trustee, and to pass an order authorizing him to continue for another year under the same rental and terms, etc., as the tenancy then provided; the co-trustee, without filing an answer to the petition, satisfied himself with demurring thereto; on appeal from an order overruling the demurrer, it was *held,* that the petition presented facts which called for an answer and that the demurrer was properly overruled.                    p. 503

If a court of equity is administering a trust, the Court has complete charge of every step. The trustees are merely the officers of the Court to carry out its orders. If the trustees are named in a will with certain powers, not personal, thereunder,

the moment they submit the administration to a court of equity, then it becomes necessary to have the sanction of that Court for all their acts.                              p. 503

This authority is not a mere perfunctory authority, but one in which the Court is to exercise its judgment.          p. 503

*Decided June 26th, 1913.*

Appeal from the Circuit Court of Baltimore City (BOND, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, PATTISON, STOCKBRIDGE and URNER, JJ.

*W. H. DeC. Wright* and *Joseph C. France,* for the appellants.

*George R. Gaither,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

By the last will and testament of Jane S Whitelock, deceased, George Whitelock, her son, and Daniel B. Dorsey, her son-in-law, were appointed trustees of the trusts created by said will, with power, under the seventh article thereof, "in their discretion, from time to time, to sell. dispose of, assign and convey absolutely or otherwise the whole or any portion or portions of the property or securities in which the trust funds or any part thereof may then be invested," and to invest and hold the proceeds thereof upon the same trusts as the property sold had been held. Under the same article the testatrix expressly directed that the trusts sould be administered under the supervision of a court of equity.

On the 22nd day of November, 1911, upon the petition of
the trustees named in the will, the Circuit Court of Baltimore
City passed the usual order, assuming jurisdiction of the
trusts, and directing the trustees to administer the trusts
under its direction and supervision.

On February 11th, 1913, Daniel B. Dorsey filed, in the
proceeding for administering the trusts, a petition against
his co-trustee. The appellant filed a demurrer to the whole
of the petition, but the Court overruled it, with leave to
answer. The appellant refused to answer and has appealed
from the order.

The allegations of the petition, which by the demurrer are
to be assumed true if well pleaded, state that a portion of the
trust estate, held by the petitioner and his co-trustee, con-
sists of twenty-six acres of land in Baltimore County, im-
proved by a large dwelling house, the home of the testatrix
in her lifetime, and a cottage. That for eighteen years im-
mediately preceding the death of the testatrix the petitioner,
the appellee, with his wife, a daughter of the testatrix, and
their family, occupied this cottage, together with a small par-
cel of ground adjacent thereto, as a home. That the cottage
had been entirely remodeled and improved by the testatrix
for the benefit of the appellee's family. And a permanent
right to the cottage and grounds had been offered to the wife
of the appellee by her mother, upon the same terms as other
of her children had been provided with homes by her. That
the offer had been refused and the appellee and his wife had
requested Mrs. Whitelock not to make such an arrangement,
for the reason that it would be for the benefit of the estate to
sell the tract of twenty-six acres, including the cottage, as a
whole. That immediately after the death of Mrs. Whitelock
the appellee agreed with his co-trustee that he should con-
tinue to occupy the cottage until January 20th, 1912, for an
annual rental, that was agreed upon as proper, of three hun-
dred dollars, and which afterwards was raised to four hun-
dred dollars, with a proviso that the appellee was to vacate

the property if the tract should be sold; and.with the further
proviso that if sixty days' notice was not given before the end
of the term the appellee should occupy the premises for
another year upon the same terms.  That on the 19th day of
November, 1912, after the appellee had occupied the prem-
ises during 1911 and 1912, and without any consultation be-
tween the trustees as to the lease, he received notice from his
co-trustee to vacate the property on January 20, 1913, and a
statement that the lease should not continue after that time.
The petition further states that the rent that is being paid is
the full rental value of the premises, and is greater than could
be received from another tenant with the proviso as to vacat-
ing in the event of a sale.  He further states that his occu-
pancy of the cottage is a direct benefit to the estate, since it
gives him opportunity at all times to supervise the remain-
ing part of the tract.  Realizing that he occupies the dual
position of trustee and tenant, he prays the Court to adjust
the differences existing between him and his co-trustee, and
to pass an order authorizing him to continue for another year
upon the same rental and terms as to vacating in the event of
a sale as the tenancy now provides.

After the overruling of the demurrer three of the six chil-
dren of the testatrix filed a petition asking to be made par-
ties, and upon an order being passed to that effect, joined
with George Whitelock as Trustee, and in his own right, in
taking this appeal.

The position the appellants take is, that it is not a case of
the validity of the original lease, it having expired, but
whether a Court of Equity will compel its renewal against
the discretion of the co-trustee and the protest of several of
the beneficiaries with no beneficiary advocating it.  Their
contention is based, of course, on the fundamental principle
that trustees cannot deal with trust property in a manner in
which they might secure benefits from the property, incon-
sistent with their duties as trustees.  Courts from the earliest
times have unfalteringly frowned upon all attempts of trus-

tees to acquire rights in property of which they were trustees. Out of which grew the rule that if trustees directly or indirectly purchase trust property, Courts will set the sale aside, however fair the transaction may have seemed, at the mere suggestion of the *cestui que trust. Dorsey* v. *Dorsey,* 3 H. & J. 410; *Davis* v. *Simpson,* 5 H. & J. 147; *Richardson* v. *Jones,* 3 G. & J. 164; *Rickets* v. *Montgomery,* 15 Md. 50; *Korns* v. *Shaffer,* 27 Md. 83; *Hoffman C. & I. Co.* v. *Cumberland Coal Co.,* 16 Md. 506. It is a rule of universal application to all persons coming within the principle that no party can be permitted to purchase an interest when he has a duty to perform inconsistent with the character of purchaser. *Ins. Co.* v. *Dalrymple,* 25 Md. 266.

While the policy of the administration of equity in this State has been to adhere closely to the principle underlying this rule, nevertheless, it was recognized as early as *Williams* v. *Marshall,* 4 G. & J. 379, that there should, and must, be exceptions to its rigid enforcement, when this Court said, "there are many exceptions to, or modifications of it" and "the trustee will in some cases be protected in his purchase; as if the *cestui que trust* be at full age at the time of the sale, and under no disability and with a full knowledge of the transaction lies by for an unreasonable time" * * * and "notwithstanding the broad language of the rule adopted in chancery, they are practically treated in that Court as voidable only, according to circumstances, and as the interest of the *cestui que trust* may require, and sometimes are not permitted to be disturbed." *Read* v. *Reynolds,* 100 Md. 284.

Notwithstanding this general rule, we are of the opinion that under the circumstances, as alleged in the petition, the trustee Whitelock should have answered with his reasons, other than technical, why his co-trustee should not occupy the property under a lease of such a temporary character. When we consider that the wife of the petitioner is one of the *cestui que trust,* interested in the proper management of the estate, that the property had been fitted up for her use and

that she had occupied it for twenty years and that the full
rental value was being procured for the benefit of the estate,
these should all demand that some consideration should be
extended the petitioner though he is co-trustee of the prop-
erty.   If a Court of Equity is administering a trust, in this
case under an express direction, the Court has complete
charge of every step.   The trustees are merely the officers of
the Court to carry out its orders. ' If trustees are named in
a will with certain powers, not personal, thereunder, the
moment they submit the administration to a Court of Equity,
then it becomes necessary to have the sanction of that Court
for all of their acts.   *Abell* v. *Abell,* 75 Md. 64.   If this
authority is necessary then it follows that it cannot be a mere
perfunctory authority, but that the Court is to exercise
its judgment.   Ordinarily where a trustee is vested with dis-
cretionary power he will not be disturbed in the exercise of
it, but if the circumstances show that it is for the benefit of
the estate not to permit him to exercise it arbitrarily, the
Court will deny him the right.   *Gottschalk* v. *Mercantile
Trust Co.,* 102 Md. 521.

We think the allegations of the petition presented such a
set of circumstances as to call for an answer, and therefore
the demurrer was properly overruled.

> *Order affirmed, cause remanded; the costs
> to abide the final disposition of the
> case.*