## THOMPSON v. DENNY, TRUSTEE, ET AL.

[No. 11,137. Filed April 27, 1922.]

1. TRUSTS.— *Termination of Trust.— Discretion of Trustee.— Court's Control.*—Where testatrix devised a third of her estate to each of her daughters and a like share to her brother to be held in trust for the use and benefit of her son, his children or descendants, to be ultimately conveyed to the son and subject to the power of the trustee or his successor to convey the trust estate to the son whenever it should appear to his satisfaction that the estate would be prudently and wisely conserved or expended by the son, the trustee's discretion to convey was not absolute, but was subject to the control of the court. p. 263.

2. TRUSTS.—*Execution of Trust.—Discretion of Trustee.—Power of Court.—Statute.*—Regardless of §4040 Burns 1914, §2997 R. S. 1881, providing that trustees and funds in their hands shall be under the equitable control of the court having jurisdiction thereof for the preservation of the funds in carrying out the purposes of the trust, a court of equity may compel a testamentary trustee to exercise in a reasonable manner the discretion vested in him by the will creating the trust, and upon the trustee's failure to so exercise his discretion the court may give specific directions when it is for the benefit of the estate and of the *cestui que* trust; and where a testamentary trust vests discretion in the trustee to convey the trust estate to the *cestui que* trust whenever he shall be satisfied that the beneficiary will prudently use it, the court may, in a proper case, order that such conveyance be made, upon the trustee's refusal to take such action. p. 263.

3. TRUSTS.—*Termination of Trust.—Refusal of Trustee to Convey Trust Estate.—Abuse of Discretion.*—Where a testamentary trust vested discretion in the trustee to convey the trust estate to the *cestui que* trust whenever satisfied that the beneficiary would prudently conserve and use it, and he was shown to be under no mental or physical disability which would prevent him from wisely and prudently managing his estate, and to be sober, industrious and conservative, the trustee's refusal to convey was arbitrary and unreasonable, and he should be compelled to convey. p. 264.

4. TRUSTS.—*Termination of Trust.—Grounds.—Mismanagement of Trust Estate.—Refusal to Convey.*—The refusal of a trustee of a testamentary trust to properly exercise his discretion to convey the trust estate to the *cestui que* trust, when he should be satisfied that the beneficiary would prudently use it and

his failure to rent for full rental value houses belonging to estate, resulting in loss which could have been avoided had he not excluded the *cestui que* trust from the premises, constituted mismanagement warranting a decree terminating the trust.  p. 266.

From Marion Superior Court (A7,108) ; *Theophilus J. Moll*, Judge.

Action by John D. Thompson against Austin F. Denny, trustee, and others.  From a judgment for defendant, the plaintiff appeals.  *Reversed.*

*D. A. Myers*, for appellant.

*Austin F. Denny*, for appellees.

NICHOLS, J.—Action by appellant to terminate a trust, to quiet title, to recover possession of real estate and to account for the trust funds in the hands of the trustee.

There were four paragraphs of complaint, the first being a paragraph in the usual form to quiet title; the second averring that appellee, Austin F. Denny, has been in possession of the real estate described in the first paragraph for twelve years under an alleged trust set up in the codicil of the will of appellant's mother, further averring that appellant is forty-five years of age, a married man, that his wife is fifty-three years of age, and that he has a son nineteen years of age; that he is mentally and physically able to manage his own property and conserve the same, that he is a sober, industrious hardworking man, has no bad habits and is under no legal disability.  He prays therein that the trust be declared null and void and that the trustee be directed to make conveyance of the trust estate to him.  The third and fourth paragraphs state the same general facts as the second with further averments to the effect that there was a cash balance due him in the settlement of his mother's estate of $183, which has been under the control and possession of the trustee, that such trustee has collected rent on the real estate involved for 140

months at $28 per month aggregating $3,920, and that appellant has received not to exceed $500 during the whole period. Appellee trustee refuses to make a statement of the rents collected; that the houses are not kept in good repair; that if he had possession of them he could perform most of the work of repairing them, and that the trustee should be required to account for the money in his hands.

There is a prayer for an accounting and that the trustee be required to make a deed to appellant. The will and codicil are made exhibits to the complaint.

A demurrer was sustained to the second paragraph of complaint. We do not need, however, to consider it for there are sufficient allegations in the third paragraph of complaint, and in the fourth after certain parts thereof are stricken out on motion as a basis for the findings of the court which, as we view the case, must control this opinion. These findings are, in substance, as follows:

Appellant is now forty-six years old, is married, is a householder, and a son of Martha A. Thompson who died testate on September 14, 1908, at the age of eighty-two years, leaving as her sole heirs at law, appellant, her son, her daughters, Kate A. Thompson, and Alice M. Stackhouse, and her grandchildren Charles Edwin Atkinson and Alice Atkinson Yates. That the will of the decedent, after certain specific legacies, makes appellant one of three residuary legatees and devisees. Her codicil to said will revokes the provisions of the will as to appellant, and in lieu thereof devises and bequeaths said interest to appellee Austin F. Denny, as trustee, hereinafter called appellee, and to his successor and substitute, if any, wholly in trust, for the use and enjoyment of appellant, his children and descendants, with provision that at any time in the discretion of such trustee the principal estate in said trust, in part or in

whole, may and ultimately shall be conveyed to appellant, his children or descendants, for his own or their own use and benefit in fee simple, forever divested of all the trusts and control of said trustee. It further provides that said trustee shall hold, control and manage said estate. After certain provisions as to the duties of the trustee, by the terms of the will, all such provisions were made subject to the power and authority given, bequeathed, and devised to said trustee, to assign and convey to appellant the entire estate, given, bequeathed and devised in trust, whenever said trustee shall be satisfied that said estate will be prudently and wisely conserved or expended by appellant, and the same shall vest, absolutely in appellant, his heirs and assigns, in fee simple divested of all trusts, powers and duties of said trustee, and divested of all estates and rights hereinbefore contingently given, bequeathed or devised to any other person, whomsoever. All the provisions concerning the trust in Austin F. Denny, trustee, shall apply as well as to said trust in the hands or in the control of his successor or substitute.

Upon the settlement of the estate November 22, 1908, there was due the trustee, for the use of appellant on distribution $56.40. Upon the death of said Martha A. Thompson, appellee as trustee, took possession of the real estate devised by her will to him, in trust for appellant consisting of certain lots in Indianapolis, with a five room and a three room dwelling house thereon, and has held possession of the same, continuously up to the present time. Neither appellee nor his wife, in their individual character, ever, at any time, claimed or asserted any right, interest or title in said real estate.

Appellant has requested and demanded the right to move into and occupy one of the houses above referred to, but that said trustee has refused to permit him and his family to occupy either of said houses. Appellant,

prior to the commencement of this action, made a demand upon said trustee, to terminate said trust and turn over the real estate to him free from any claims of said trust, under the codicil of his mother's will, and that the trustee refused to do so. Appellant never, at any time demanded an accounting from said trustee, except in connection with his demand to close the trust and turn over the property. Since the death of Martha A. Thompson on September 14, 1908, the average monthly rental value of said properties up to the present time would be $22 per month. Appellee trustee, made to appellant one accounting or report in said trust which was on April 4, 1911. Appellee as trustee, during said period of 141 months has paid to appellant or to members of his family, $682.46 from the rents, and $56.40 received from the settlement of the estate. Out of the rents collected said trustee has paid on repairs, $285.93 on both of said houses, and for taxes and assessments, and miscellaneous expenses, $483.51, and at the date of the trial, there was an unexpended remainder, of all sums received by the trustee of $271.42. The son of appellant is living and is of the age of eighteen years. Appellant is now laboring under no mental or physical disability which would prevent him from prudently managing an estate as herein involved; he has not been able to secure the consent of said trustee to terminate said trust and to turn the property over to him; he is capable of prudently and wisely occupying said five room cottage, keeping same in repair and paying taxes and other public assessments thereon; he is a hardworking, industrious man and during the last three years, in addition to supporting his family, has accumulated a savings account of $300. As trustee, appellee during the time of his administration of said trust has never been satisfied that the estate held by him as trustee, would be prudently and wisely conserved or expended by appel-

lant, in the event said estate should be made over, assigned and conveyed to him, divested of all powers, trusts and duties of said trustee.    There has not been any abuse or mismanagement of the trust estate by appellee trustee, so far as the collection of rents or disbursements of same or upkeep of the real estate is concerned.

On these findings a conclusion of law was stated against appellant that he should take nothing and that he should pay the costs, upon which judgment was rendered.

The assigned error on the court's conclusion is the one which we shall consider.

At the time of the execution of the will of appellant's mother it is manifest that appellant was given the same consideration in the division of the estate, as his two sisters, for the residue of the estate after certain specific legacies, was to be divided equally among appellant and his sisters, each receiving one-third thereof.    By the terms of the codicil thereafter executed there was no reduction in the quantity or proportion of the estate appellant was to receive by virtue of the codicil, but, we assume because of some infirmity or dissipation of appellant, his interest in the estate was placed in the hands of appellee wholly in trust for the *use and enjoyment of the appellant, his children or descendants,* with a provision for the ultimate conveyance of the same to appellant, providing that the same be subject to the power and authority given to the trustee to convey the entire estate to appellant whenever the trustee should be satisfied that the estate would be prudently and wisely conserved or expended by appellant, and that the same should thereupon absolutely vest in him, and his heirs and assigns in fee simple, and divest the trust powers and duties of the trustee.

It is clear, as we construe this provision that the pur-

pose of the mother was not to hamper her son in the use and enjoyment of the portion of her estate 1, 2. intended by her for him further than was necessary to conserve and protect the same, and to that end she committed it to the care and custody of appellee who was her brother, with the authority to transfer to the son when conditions justified such action. Appellee says that the testatrix named a trustee closely related to appellant and who was supposed to know his traits and tendencies, as an argument for his continued arbitrary exercise of his discretion in the management of the trust and his refusal to terminate it. But we hold that the authority of the trustee, because of his relationship and acquaintance, was not to be absolute and superior to the authority of the court as is evidenced by the fact that provision was made for a successor or substitute who of necessity must be appointed by the court. It was his duty so to transfer it when in the exercise of reasonable discretion he was satisfied that the estate would be prudently and wisely conserved or expended by appellant. The deciding question in this case, as we view it, is as to whether the discretion given to the trustee was absolute in him, and as to whether when the estate was so committed to him as trustee aforesaid his control of it thereafter and his determination as to whether or not the same should be transferred to the *cestui que* trust was not subject to review by the courts. It is provided by statute, §4040 Burns 1914, §2997 R. S. 1881, that trustees and funds in their hands shall be at all times under the equitable control of the court having jurisdiction thereof for the preservation of the funds in the carrying out of the purposes of the trust. Appellee contends that this statute has no application, but if it be so conceded, aside from it, it is well established as a general principle that a court of equity may compel a testamentary trustee to exercise

in a reasonable manner the discretion vested in him by the will creating a trust, and where there is a failure to exercise such discretion in a reasonable manner, the court may give specific directions. *Manning* v. *Sheehan* (1911), 75 Misc. Rep. 374, 133 N. Y. Supp. 1006.

Ordinarily it is true that where a trustee is vested with discretion he will not be disturbed in the reasonable exercise thereof.    But if it is for the benefit of the estate and of the *cestui que* trust to control such exercise of discretion, and when under the circumstances of the case the discretion is being unreasonably exercised, the court will not hesitate to give directions.    *Whitelock* v. *Dorsey* (1913), 121 Md. 497, 88 Atl. 241.    For authorities sustaining the general principle above announced see:    *Godfrey* v. *Hutchins* (1907), 28 R. I. 517, 68 Atl. 317; *Angell* v. *Angell* (1908), 28 R. I. 592, 68 Atl. 583, 125 Am. St. 721; *Whitelock* v. *Dorsey, supra; Stein* v. *Safe Deposit & Trust Co.* (1915), 127 Md. 206, 96 Atl. 349; *Eaton* v. *Eaton* (1921), — N. H. —, 112 Atl. 383; *Sanderson* v. *White* (1836), 18 Pick. (35 Mass.) 328, 29 Am. Dec. 591; *Jones* v. *Jones* (1894), 8 Misc. Rep. 660, 30 N. Y. Supp. 177; *People* v. *Norton* (1853), 9 N. Y. 176; *Manning* v. *Sheehan, supra; Keating* v. *Keating* (1918), 182 Iowa 1056, 165 N. W. 74; *In re Norton* (1916), 97 Misc. Rep. 289, 161 N. Y. Supp. 710; *Albright* v. *Albright* (1884), 91 N. C. 220; *McFerran* v. *Fidelity Trust Co.* (1910), 140 Ky. 536, 131 S. W. 393.

It is apparent that the trial court did not have in mind the foregoing principle as to its right to control the discretion of a trustee and that such discretion can-
3.  not be exercised in an arbitrary and unreasonable way, or that it did not apply such principle to the facts and circumstances in this case, for holding as it did that appellant was at the time laboring under no mental or physical disability which would prevent him from prudently and wisely managing his estate, and

that he was at the time a hardworking, industrious man, and that during the last three years theretofore in addition to supporting his family he had accumulated a savings account of $300, and that he was at the time capable of prudently and wisely occupying the five-room cottage and keeping the same in repair and paying the taxes and other assessments thereon, it then stated as a conclusion of law that appellant should take nothing by reason of his complaint, and that appellee should recover costs, and entered judgment accordingly. This, as we view it, was equivalent to saying that notwithstanding the fact which was found by the court that appellant was fully able in every way to manage his estate, and that he was fully capable of occupying one of the properties which his mother intended for his use and enjoyment for a home and keeping the same in repair and of paying the taxes and other assessments thereon, and of conserving it, yet the court could afford him no relief because the trustee had in the exercise of arbitrary discretion never been satisfied that the estate would be prudently and wisely conserved by appellant, and that therefore the trust could not be terminated and the property turned over to appellant. We do not so interpret the mother's will. Coupled with the findings of the court in this case that appellant is suffering from no mental infirmity, and that he is capable of managing his estate, and is sober, industrious and conservative, the further facts in this case, as found by the court, convince us that the best interests of appellant and the proper enjoyment and use of his estate, as his mother intended, demands that the trust should be terminated and that his estate should be put into his care and keeping. It appears from the findings of the court that the trustee had had at the time of the trial, the management of the estate for 141 months during which time the rental value of the two properties involved was an aver-

age of $22 per month. The total rental value of both properties therefore during the period that it was under the control and management of the trustee was $3,102 of which sum only $682.42 had been received by appellant, $285.93 had been paid for repairs, $483.51 for taxes, assessments and miscellaneous expenses. There was an unexpended remainder in the hands of the trustee of $271.42, while the balance of the rental value, to wit: $1,378.68 is unaccounted for. Appellee's answer to an interrogatory propounded to him helps us somewhat in accounting for this discrepancy. It there appears that the total collection of rents including balance of appellant's share of the residuary estate of said decedent, $56.40, and including interest on appellant's bank account, is $1,738.41. This total included the actual balances of rent collected by the "Denny Agency," said balance being found from the amount of rent actually collected, diminished by agent's commission, cost of small repairs, cleaning vaults and by water service, insurance premiums and other emergency expenditures. It is noted that the above amount is the balance after certain expenses including the agent's commission of the "Denny Agency" and that from said balance an additional charge of $120 is deducted for services of the trustee since February, 1917.

The court has expressly found that the trustee has not been guilty of misuse or mismanagement of the trust estate so far as the collection of rents, or

4.    disbursements of the same or the upkeep of the property is concerned. We are unable to account then for this discrepancy in any other way than that for a considerable portion of the time the trustee or the "Denny Agency" has failed to rent the properties or has not rented them for the full rental value. Assuming that such accounts for the sum otherwise unaccounted for, will anyone say that under such circumstances good

management would not have permitted appellant with his family to occupy one of these properties thereby saving him $15 or $20 per month rent, and giving him the opportunity to repair his own properties without the expense of hiring the work done by some third person employed by the trustee? While the court has found that there was no mismanagement so far as collection of rents, disbursements thereof, and the upkeep of the property was concerned, it has also found further facts of failing to rent for the full rental value, of excluding appellant from his property, and of refusing to close the trust. It has simply given us these facts, from which under the circumstances of this case but one conclusion can be reached, that it was mismanagement to fail to rent for full rental value and to exclude appellant from his property, and that it was an unreasonable, arbitrary exercise of discretion to refuse to close the trust and give appellant the control of his estate. The court by its conclusion has said in effect that it is without jurisdiction to correct the conditions, but in this it is in error.

The judgment is reversed, with instructions to the trial court to restate its conclusion to the effect that appellee should render an account, close the trust, and surrender to appellant his estate.