### BRAY ET AL. *v.* OLD NATIONAL BANK IN EVANSVILLE ET AL.

[No. 17,013.   Filed May 24, 1943.   Rehearing denied June 22, 1943.]

*F. A. Seal* and *Alvin Seal*, both of Washington, for appellants.

*Morton W. Newman, Jerome L. Salm, Edward E. Meyer, Isadore J. Fine, Robert C. Enlow, William C. Welborn,* and *Milford M. Miller,* all of Evansville, for appellees.

DOWELL, J.—This was an action by Anna B. Bray et al., they being the children in esse of Adam Helfrich, deceased, to construe the last will of the decedent and to require the appellee, Old National Bank In Evansville, as successor trustee of the trust created by decedent's last will, to exercise certain discretionary powers granted by Item One of the codicil to said will and to distribute to appellants the stock of the Helfrich Lum-

ber and Manufacturing Company, Inc., said stock being a part of the assets of the trust.

The cause was tried to the court below and upon request of appellants, plaintiffs below, the court made special findings of facts and stated conclusions of law thereon to the effect that the law was with the appellees, whereupon judgment was awarded to appellees.

Appellants assign as error:

(a) That the court erred in its conclusions of law numbered 1, 2 and 3 stated upon the special findings of facts.

(b) That the court erred in overruling the motion for a new trial.

The motion for a new trial questions the sufficiency of the evidence and asserts that the decision of the court was contrary to law.

The record discloses the following facts:

Adam Helfrich died on September 26, 1911, leaving surviving five sons, William, Michael D., John T., Joseph P., and Edward H., and two daughters, Catherine Coerver and Anna B. Bray. Also surviving were Ella Helfrich, widow of a deceased son, and Theresa Helfrich, a daughter of Ella and said deceased son. Adam Helfrich during his lifetime was possessed of great wealth and on March 11, 1909, he executed his last will, those portions of same pertinent to the issues here being:

"ITEM TWO:—After the payment of all my just debts, all the rest and residue of my estate both real and personal and mixed wherever situate, I give and devise unto my said wife and my son Michael D. Helfrich, the legal title vesting in them and their successors in trust for the uses and purposes hereinafter set out.

"ITEM THREE:—I direct that my said trustee take possession of the property subject to this trust, to manage and control the same according

to their best judgment. They shall have the power to sell and dispose of any of the real estate, the subject of this trust without first obtaining an order of Court therefor, and a deed executed by them as such trustees shall be sufficient at law to convey the fee simple as fully as I might or could do, if living, and the proceeds arising from the sale of such real estate, they shall have the right and power to invest in such other property as in their good judgment may be to the best interests of the trust estate. They shall also have the power to dispose of any of the personal property belonging to the trust estate at any time whenever they think it to the best interests of the trust so to do, and to re-invest the proceeds arising from such sale, and generally, from time to time, make such changes in the investments of properties belonging to the trust, as will in their judgment be to the best advantage of said trust estate. A large part of my estate consists of certificates of stock issued by corporations. My trustees should at once, upon my death, take possession of said certificates and safely keep the same. They can have them transferred to their own names as trustees if they see fit to do so, but weather (whether) the same are transferred or not, I commit to their best judgment; but in any event they shall have the right to vote said shares at all stockholders meetings of the several corporations issuing the said certificates, and in as much as the earnings of these corporations have heretofore been quite satisfactory, I express it as my judgment that the money invested in each of them be permitted to stand as it is, at least so long as the earnings of each of said corporations are satisfactory to my trustees. From the proceeds arising as income of such estate, they are first to pay the taxes, assessments and cost of maintenance of the trust property, and such other necessary expenses as may from time to time, arise, including the expense of administering this trust, with reasonable compensation for the trustees and their legal council, if, in their judgment, the employment of such legal council be necessary. The net income remaining to be applied, to-wit:—First, such part thereof as may in the judgment of my beloved wife be necessary for her

maintenance, the proper care for her home, and all incidental expenses, connected therewith, including all taxes and assessments, and her judgments as to what her requirements may be, from time to time, in order that she may be properly supported, and cared for as fully and completely as if I were living, shall govern and control my trustees as to the amount which shall be paid to her under this item of this will.

"ITEM FOUR:—All of the rest and residue of the net income arising from the trust property, after paying all of the items hereinbefore provided, shall constitute a part of the corpus of the trust estate and shall be invested in such property or securities as my said trustees may deem proper. Upon the death of my beloved wife the net income shall be divided into two parts, the first part shall constitute an accretion to the corpus of the trust estate and shall be held, managed, used and distributed by my trustees as herein provided, as to the corpus of this trust estate.

"ITEM FIVE:—The remainder of said net income shall be divided into eight equal parts, each of my children, William Helfrich, Michael D. Helfrich, John T. Helfrich, Joseph P. Helfrich, Edward H. Helfrich, Catherine Coerver, Anna D. (B.) Bray, living shall receive one part; one of my sons Frank Helfrich, has departed this life leaving surviving him Ella Helfrich, his widow, and Theresa Helfrich, his daughter. The said widow of my deceased son shall be paid the one-third part of one of said eight parts, and her said daughter shall receive the remaining two-thirds thereof. In the event of the death of any one of my said children leaving heirs surviving, also a widow such heir or heirs shall receive of the parents part, the two-thirds and such widow or widower the one-third thereof; that is to say, one-third of the one-eighth part of said net income, so long as such widow or widower shall so deport himself or herself as not to bring reproach upon the family name. The words, 'reproach upon the family name,' shall be such conduct as will tend to disgrace the family, of which my said trustees shall be the sole judges, and this provision in favor

of such surviving widow or widower shall terminate at the marriage of such widow or widower. In the event of the death of any grandchild, their brothers or sisters, or their descendants shall take the part of such one so dying. Should all of the heirs of the body of any of my children become extinct, then the provisions herein made in favor of such child or the heirs of their body shall cease and determine.

"ITEM SIX:—In the event of the death of any one of my children leaving minor heirs surviving, my said trustees shall use, as they think to the best interest of such minor or minors, that part of the net income which otherwise would have gone to the parent of such child or children, without the appointment of a guardian of such child or children, but should such minor or minors be under guardianship, then my trustees may in their discretion, pay over to such guardian such part of the net income falling to them as in this will provided, as in their judgment may be proper.

"ITEM SEVEN:—For the perpetuation of this trust, I hereby empower each of my said trustees during the life time of both to nominate his or her successor which shall be done as follows, to-wit:—The trustee wishing to exercise this power shall sign and acknowledge before a notary public an appointment which shall be in the following language. 'I ——, trustee created under and by virtue of the last will and testament of Adam Helfrich, and in pursuance of the power therein conferred, in Item Seven of the said will do hereby appoint as my successor —— who shall be invested with all of the powers and privileges and subject to all the limitations and restrictions in the said will, which have been conferred upon me as trustee. This power of appointment has been by me executed by signing my name in the presence of —— a notary public in and for the County of Vanderburgh, who shall affix his jurat hereto in due form.' In the event that either of said trustees should die without exercising the power herein conferred, then the survivor shall nominate a suitable persons such trustee to the Judge of the Circuit Court of Vanderburgh County.

with a request for his appointment, to take the place of such deceased trustee. But if my said wife should die leaving my said son, Michael D. Helfrich, trustee surviving, he may, if he prefers, exercise all the powers herein conferred upon both of said trustees and shall not be required to procure a successor, as such trustee of my said will.

"ITEM NINE:—In the event my said trustee in the exercise of a sound discretion should be of the opinion that any sum in excess of the one-half of the net income arising from the trust estate should be distributed among my children, then living, they shall have the right to do so.

"ITEM TEN:—I direct this trust to continue until the death of all of my children, at the happening of which event I direct my trustees to wind up this trust and distribute all property remaining in their hands, the subject hereof, among my heirs, according to the laws of descent, as provided by the Statutes of Indiana."

On January 7, 1911, approximately nine months prior to his death, the testator executed a codicil to his said will, Item One of said codicil being as follows:

"ITEM ONE:—I direct that if in the judgment of my said trustees named in said will, they deem it to the best interest of my estate to dispense with and dispose of the business and property of the Helfrich Lumber & Manufacturing Company, they are hereby empowered and directed to either dispose of my holdings of stock in said corporation, or to divide the same among my children William Helfrich, Michael D. Helfrich, John T. Helfrich, Joseph P. Helfrich, Edward H. Helfrich, Catherine Coerver, and Anna B. Day (Bray) in equal shares to each. In the event of the death of any of my said children, then the same shall be divided, among my children living, of the above named, in equal shares to each."

The testator's wife predeceased him. At the time of the initiation of the suit below all but two of the

testator's children had died. There were surviving at that time, however, several of the testator's grand-children and spouses of deceased children and grand-children.

Michael D. Helfrich, the original and testamentary trustee, died September 2, 1938, without nominating a successor as provided in the will, and the National City Bank in Evansville, Indiana, was appointed by the Vanderburgh Probate Court as successor trustee, serving as such until its resignation some few months later, whereupon the appellee Old National Bank in Evansville was appointed by the same court.

The questions here involved turn upon the construction and effect of Item One of testator's codicil in the light of the trust provisions of the will.

Thus, as we view the record only two questions are presented by this appeal: (a) Did the powers, including discretionary powers, granted to the testamentary trustee, pass to the successor trustees? (b) If they did so pass, could the court below compel the successor trustee to exercise its discretionary powers in favor of appellants as prayed for in their complaint?

It is to be noted that appellants in no wise contend fraud or abuse of discretion on the part of the appellee, successor trustee.

Appellants do urge, however, that the discretionary powers granted to the testamentary trustee did pass to and now are held by the successor trustee. It is their further contention that the corpus of said trust is dwindling; that the Helfrich Lumber and Manufacturing Company, Inc., is being operated at a loss and is involved in litigaton which will necessitate the expenditure of large sums of money; that it has paid no dividends for a number of years and that the successor trustee should be required to exercise the discretionary

power granted by Item One of testator's codicil by terminating said trust and distributing the stock of the corporation among and between appellants. It may be noted in passing that the present operation of the business consists almost solely of the management of large holdings of real estate and not manufacturing.

The court below in its conclusion of law numbered one held that Item One of testator's codicil has been of no force and effect since the 2d day of September, 1938, the date of the death of the testamentary trustee.

The only premise upon which this conclusion can rest is that the discretionary powers granted to the testamentary trustee did not pass to the successor trustees.

We are constrained to the opposite viewpoint. The intention of the testator will control. It was clearly the intention of the testator that the trust created by him should be perpetuated until the death of the last of his children and to this end he gave and devised his residuary estate unto "my said wife and my son Michael D. Helfrich, the legal title vesting in them *and their successors in trust* for the uses and purposes hereinafter set out." That he contemplated the probability that the trust estate eventually would be administered by successor trustees is plainly apparent.

Moreover, nine months prior to his death the testator executed his codicil whereby he granted a discretionary power to "my said trustees named in said will," they being "my said wife and my son Michael D. Helfrich and their successors in trust." It is not apparent from the record whether the testator's wife died prior to the execution of the codicil. If so, the use by the testator of the comprehensive term

"trustees" at a time when Michael D. Helfrich alone was entitled to take as trustee in the event of the testator's death, would have left little room for conjecture since under such circumstances the testator, had he intended to limit the trust powers to Michael alone, would have used the singular "trustee." But whether this be true or not we are of the opinion in view of the testator's clear intent that the trust should be perpetuated until the death of the last of his children, that by the use of the phrase "my said trustees named in said will," he revealed an intent to include the successor trustees provided for in the original will and in whom, by clear and unmistakable terms, he vested the legal title to his estate for the uses and purposes of the trust. The great weight of modern authority is in favor of the general rule that the powers conferred upon a trustee can properly be exercised by his successors, unless it is otherwise provided by the terms of the trust. If it is not provided by the terms of the trust in specific words that the powers conferred upon the trustee may be exercised by successor trustees, nevertheless such powers can properly be exercised by successors, unless the settlor manifested an intention that they should be exercised only by the trustee originally named. So, where the exercise of a power is not discretionary the inference is that the settlor intended that it might be exercised by successors. If the exercise of the power is within the discretion of the trustee, and there is no standard by which reasonableness of the exercise can be gauged, there is the same inference, although not so strong, but ordinarily the power may be exercised by successor trustees, unless it appears from the terms of the trust that the confidence placed in the original trustee should be personal to him. Restatement of the Law of Trusts, Sec. 196. See

also Bogert on Trusts (1935), Vol. 3, Sec. 553; Scott on Trusts, Vol. 2, Sec. 196.

That Michael D. Helfrich died without nominating his successor is of no moment in the instant case. The testator did not mandate him so to do but merely provided a method whereby he could exercise his choice if he so desired. Upon his death without having nominated a successor the Vanderburgh Probate Court, upon proper showing, had a right and a duty to appoint a successor.

It is a familiar maxim in equity that a trust shall not be permitted to fail for want of a trustee and in the case at bar the discretionary power conferred by the codicil is not a mere detached naked or collateral power but is blended with the trust to which it attaches which is to be perpetuated until the death of the last of Adam Helfrich's children.

We are compelled to hold, therefore, that the trial court erred in its conclusion numbered One.

The sole remaining question raised by this appeal, i. e., Could the court below compel the successor trustee to exercise its discretion in favor of appellants as prayed for in the complaint? may be resolved in the light of the well settled rule of law that, where a trustee is granted discretionary powers the court will not substitute its discretion for that of the trustee in the absence of a showing of fraud or abuse of discretion. *Thompson* v. *Denny, Trustee* (1922), 78 Ind. App. 257, 135 N. E. 260; *Giles* v. *Little* (1881), 104 U. S. 291, 26 L. ed. 745; *Wilson, Trustee* v. *Edmonds* (1922), 78 Ind. App. 501, 136 N. E. 48.

There is no showing of fraud or abuse of discretion here.

The trial court's conclusion of law numbered Two was as follows:

"That the plaintiffs are not entitled to the affirmative relief prayed for in this action, and defendants are entitled to judgment for costs."

It must be sustained.

It is unnecessary, therefore, to pass on conclusion numbered Three, which is, merely, that matters asserted by certain defendants' answers have become moot questions.

An examination of the evidence discloses that appellant's motion for a new trial was properly overruled.

That portion of the judgment wherein the court below adjudged and decreed Item One of the codicil to the last will and testament of Adam Helfrich, deceased, to have been of no force and effect since the 2d day of September, 1938, is reversed; the remaining portion of said judgment to the effect that plaintiffs take nothing by their action and that defendants recover judgment for their costs is affirmed.

NOTE.—Reported in 48 N. E. (2d) 846.